UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RONNIE COVINGTON,

                Plaintiff,

    -against-

NEW YORK CITY POLICE DEPARTMENT;
CITY OF NEW YORK; LEE BROWN;
RAYMOND KELLY; ROBERT JOHNSON;
TOUR COMMANDER, 108 PCT., NEW YORK
CITY POLICE DEPT.; DESK LIEUTENANT,
108 PCT., NEW YORK CITY POLICE DEPT.;
SERG. SUPERVISOR "C-DOE", 108 PCT.,
NEW YORK CITY POLICE DEPT.; POLICE
OFFICER JACQUES BUILLOIS; POLICE
OFFICER "D-DOE," 108 PCT., NEW YORK
CITY POLICE DEPT.; "FOUR OTHER POLICE
OFFICERS," 108 PCT., NEW YORK CITY
POLICE DEPT.; COUNTY OF QUEENS, DIST.
ATT'Y JOHN J. SANTUCCI; "K-DOE," ASST.
DIST. ATT'Y, QUEENS COUNTY; EARNEST
GALLO; JULIO GALLO; E&J WINERY;
JOSEPH GALLO, GALLO SALES CO.; E&J
WINE DISTR.; MARK D. TAUB; MEL
HALPERIN; MERRILL LYNCH & CO.;
WILLIAM A. SCHREYER; DANIEL P. TULLY
MERRILL LYNCH CAPITAL PARTNERS;
"L-DOE," PRESIDENT MERRILL LYNCH
CAPITAL PARTNERS; BORG-WARNER
CORP.; JAMES BERE; DONALD C.
TRAUSCHT; BAKER INDUSTRIES; "G-DOE,"
PRESIDENT, BAKER INDUSTRIES; BAKER
PROTECTIVE SERVICES; "H-DOE,"
PRESIDENT, BAKER PROTECTIVE
SERVICES; WELLS FARGO GUARD
SERVICES; "J-DOE," SECUIRTY
SUPERVISOR; JOHN THOMAS,

                Defendants.
------------------------------------------------------------x

FOR ONLINE PUBLICATION ONLY

ORDER

94-CV-3382 (JG) (SMG)

JOHN GLEESON, United States District Judge:

Ronnie Covington filed this *pro se* action on July 18, 1994, asserting, *inter alia*, a false arrest claim under 42 U.S.C. § 1983. According to the complaint, Covington was arrested on February 17, 1990. The police filed formal criminal charges against him and transported him to the Central Booking Unit in Queens, where he was imprisoned. On June 10, 1991, the Criminal Court of the City of New York dismissed the criminal charges that had been filed in connection with the February 17, 1990 arrest. On June 2, 1994, Covington delivered the complaint that initiated this action to prison officials for transmittal to the Court.[1] Judge Eugene H. Nickerson dismissed the complaint on May 23, 1995, holding in part that the false arrest claim was barred by the three-year statute of limitations for § 1983 claims. *Covington v. City of New York*, 1995 WL 322222 (E.D.N.Y. May 23, 1995). The district court held that Covington's false arrest claim accrued on the date of the arrest, and that his claim was filed more than three years after that date. *Id.* at *2. On November 2, 1995, Judge Nickerson denied Covington's motion to amend or vacate the order of dismissal.

On December 11, 1995, Covington appealed to Second Circuit, raising only one question: whether the district court correctly dismissed Covington's false arrest claim as having been brought beyond the applicable three-year statute of limitations. The Second Circuit vacated the dismissal on March 18, 1999 and remanded to the district court for further proceedings. *Covington II*, 171 F.3d 117. The Second Circuit held that Covington's false arrest claim did not necessarily accrue on the date of the arrest. Relying in part on *Heck v. Humphrey*, 512 U.S. 477 (1994), the Second Circuit determined that

---

[1] The complaint was not filed with the Court until July 18, 1994, but a prisoner's complaint is deemed "filed" on the date it is delivered to prison officials for transmittal to the Court. *See Covington v. City of New York*, 171 F.3d 117, 120 n.1 (2d Cir. 1999) ("*Covington II*").

> the answer to the question [of accrual] turns on whether a
> judgment in Covington's favor on the false arrest claim would
> have undermined the validity of any potential conviction in the
> criminal proceedings against him. If a favorable determination on
> the false arrest claim would have undermined the validity of any
> potential conviction against Covington resulting from the state
> criminal proceedings, then Covington's false arrest claim would
> not accrue until those criminal proceedings terminated, and his
> false arrest claim would not now be time-barred.

*Id*. at 119 (citations omitted). Because the Second Circuit could not determine on the record before it whether a finding of false arrest in the district court would undermine the validity of a potential criminal conviction in the state court, it remanded the case to the district court. *Id*. at 119-120.

Unfortunately, no action was taken in the district court following remand. Covington filed a letter on June 21, 1999 requesting an updated copy of the docket sheet. The docket does not reflect that the Court responded to this request. In fact, although the case had been reopened in the district court on April 19, 1999, no further action was taken in the case until October 21, 2010, when a letter from Covington dated October 10, 2010 was filed. In the letter, Covington requested that an attorney be appointed to represent him.

On November 4, 2010, following receipt of Covington's letter, the case was reassigned to me. I now deny Covington's request for the appointment of counsel and dismiss his claim of false arrest as untimely filed.

In the years that have passed since the Second Circuit issued its mandate, the decision by Judge Nickerson that Covington successfully appealed from has been vindicated by the Supreme Court. In 2007, the Supreme Court held in *Wallace v. Kato* that the statute of limitations on a § 1983 claim for false arrest or false imprisonment begins to run when the alleged imprisonment ends. 549 U.S. 384, 389 (2007). "[A] false imprisonment ends once the

victim becomes held *pursuant to [legal] process* – when, for example, he is bound over by a magistrate or arraigned on charges." *Id*. (emphasis in original). The *Wallace* Court specifically held that the reasoning in *Heck*, 512 U.S. 477, which the Second Circuit relied on in deciding Covington's appeal, does not apply in the context of a claim for false arrest. *Wallace*, 549 U.S. at 392. The Supreme Court specifically rejected the theory that a claim for false arrest does not accrue until state criminal proceedings have ended, even when the false arrest claim might undermine the validity of a potential criminal conviction. *Id*. at 392-94.

Covington was formally charged on the same day he was arrested, February 17, 1990. *Covington II*, 171 F.3d at 120. Pursuant to the rule established in *Wallace*, his claim of false arrest accrued on that day. His complaint was not filed until June 2, 1994, more than three years later. By that time, the statute of limitations had expired. *See Shomo v. City of New York*, 579 F.3d at 181 (a claim filed under § 1983 in a federal court in New York is governed by New York State's default three-year limitations period for personal injury actions). Accordingly, Covington's claim under § 1983 for false arrest is time-barred.

## CONCLUSION

For the reasons stated above, Covington's claim under § 1983 for false arrest is dismissed. The Clerk is respectfully directed to enter judgment for the defendants and to close the case.

So ordered.

John Gleeson, U.S.D.J.

Dated: November 12, 2010
      Brooklyn, New York